IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| PERRY PATTERSON | § | |
| v. | § | CIVIL ACTION NO. 5:21cv95 |
| TEVA USA INC. | § | |

ORDER OF ADMINISTRATIVE CLOSING

The Plaintiff Perry Patterson filed this lawsuit against TEVA USA, manufacturer of a medication called ranitidine (Zantac) which was ultimately recalled. The case has been transferred to multi-district litigation (MDL) and consolidated into an ongoing class action lawsuit in the Southern District of Florida styled *In Re Zantac (Ranitidine) Products Liability Litigation*, cause no. 9:20-md-2924 (S.D.Fla.). The docket of this cause (Dkt. No. 4699) shows that on November 23, 2021, the Southern District of Florida sent to the Eastern District of Texas a copy of a conditional transfer order transferring the case to Florida. This order (Dkt. No. 4698) provided that the transfer order would be stayed for seven days after its entry and if any party filed opposition with the Clerk of the Panel, the stay would be continued until further order of the court.

On December 2, 2021, the Southern District of Florida entered an order reinstating the stay of the conditional transfer order, noting that Plaintiff had filed a notice of opposition to the transfer on November 30. (Dkt. No. 4715), Some five weeks later, on January 7, 2022, the stay of the conditional transfer order was lifted and the case was transferred to the Southern District of Florida for inclusion in the coordinated or consolidated pre-trial proceedings. (Dkt. No. 5062). On January 25, 2022, Plaintiff filed a motion in the Southern District of Florida for an order to produce medical records, for appointment of counsel, and a request for a status report. (Dkt. No. 5148). This motion appears to still be pending.

Federal district courts have inherent power to control the disposition of causes of their docket with economy of time and efforts for themselves, for counsel, and for litigants. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to exercise this inherent discretion to stay proceedings, the court must weigh competing interests and maintain an even balance. *Id.*

Factors which courts consider in determining whether to stay an action pending an MDL determination include (1) the potential prejudice to the non-moving party, (2) the hardship and inequity to the moving party if the action is not stayed, and (3) the judicial resources which would be saved by avoiding duplicative litigation if the case is transferred or consolidated. *Rizk v. DePuy Orthopaedics, Inc.*, civil action no. 11-2272, 2011 U.S. Dist. LEXIS 121030 (E.D.La., October 19, 2011). The Manual for Complex Litigation instructs that it is often advisable to stay litigation in order to defer to the MDL court for resolution of certain matters or until the Panel has the opportunity to rule on the issue of transfer. *Tibbetts v. 3M Company*, civil action no. 21-2400, 2022 U.S. Dist. LEXIS 14764 (E.D.La., January 27, 2022).

The Court has reviewed the factors set out above and has determined that the interests of justice are best served by administratively closing this case pending resolution by the MDL court. It is accordingly

**ORDERED** that the above-styled civil action is **ADMINISTRATIVELY CLOSED** for administrative purposes until such time as the Plaintiff's case is resolved in the MDL class action or is transferred back to the Eastern District of Texas by the MDL court. It is further

**ORDERED** that Plaintiff shall promptly notify this Court of any action resolving the case by the MDL court, including settlement, trial, dismissal, or a transfer of his case back to the Eastern District of Texas. Failure to do so may result in dismissal of Plaintiff's claims. It is further

**ORDERED** that while the case is administratively closed, the Plaintiff is limited to filing only (1) a notice of change of address, (2) a notice to this Court of action by the MDL court including resolution or transfer, or (3) any motion permitted by the MDL court to be filed in the Eastern District of Texas. This order shall not limit any filings which Plaintiff may make in the

Southern District of Florida. The administrative closing of this lawsuit in the Eastern District of Texas shall not affect the case in the Southern District of Florida in any way, nor prejudice the rights of the Plaintiff or the Defendant.

    SIGNED this the 9th day of March, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE